UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X

JOSE ANTONIO LOZANO,

                        Plaintiff,                             CV 05-0174 (SJF)(ETB)

  -against-                                            MEMORANDUM OPINION
                                                                  AND ORDER

EARNEST J. PEACE,

                        Defendant.
----------------------------------------------------------------------------X

       Before the Court is a motion by the pro se plaintiff, Jose Antonio Lozano ("Lozano" or "plaintiff"), requesting that the Court (1) reject the waiver of service filed by the defendant, Ernest J. Peace, Attorney at Law ("Peace" or "defendant"), over five months after a request for waiver of service was sent; and (2) impose monetary sanctions upon Peace, under Rule 11 of the Federal Rules of Civil Procedure, for the untimely filing of the waiver of service. For the reasons set forth below, the plaintiff's motion is denied.

## BACKGROUND

       On December 3, 2004, Lozano, acting pro se, filed a complaint alleging that Peace committed legal malpractice by failing to submit a proffer agreement prior to plaintiff's answering questions from agents of the United States and failing to advise plaintiff of his right against self incrimination. On December 10, 2004, defendant was served with a notice of commencement of suit and a request for a waiver of service. Defendant, a United States resident, failed to return a waiver of service within thirty days as provided by Rule 4(d)(2) of the

1

Federal Rules of Civil Procedure. On December 16, 2004, the instant complaint was transferred from the Northern District of Texas to the Eastern District of New York. On January 5, 2005, plaintiff filed a motion for clarification and request for a nunc pro tunc filing. The Court ordered that the subsequent change in venue did not alter the original filing date. (Order of Boyle, J., January 31, 2005.)

On March 3, 2005, Judge Feuerstein granted plaintiff's request to proceed in forma pauperis, thereby waiving the requirement to prepay filing fees. (Opinion and Order, Feuerstein, J.; see 28 U.S.C. § 1915(a)(1)). Judge Feuerstein's order directed the Clerk of the Court to cause the United States Marshal to serve copies of the summons, complaint, and the order upon defendant. (Id.) The order also directed the Clerk of the Court to mail a copy of the order to the superintendent of the facility in which plaintiff was incarcerated. Soon thereafter, on March 7, 2005, plaintiff filed a "motion to serve defendant at his own expense."

On or about April 12, 2005, defendant retained the law offices of L'Abbate, Balkan, Colavita & Contini, L.L.P., to represent him. In an effort to avoid the cost of service by a United States Marshal, Marian C. Rice, a L'Abbate attorney acting on defendant's behalf, submitted a waiver of service form to the Court on April 12, 2005. On or about April 22, 2005, plaintiff served defendant with a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure, asserting that defendant's filing of a waiver of service was frivolous and caused plaintiff to incur unnecessary litigation expenses. On April 25, 2005, plaintiff filed the instant motion for sanctions with the Court.

Plaintiff asserts that defendant's late submission of a waiver of service constituted a "frivolous pleading." (Plaintiff's Memorandum in Support of Motion for Rule 11 Sanctions, at

2

1.) Plaintiff is seeking five hundred dollars in damages to cover his pro-se attorney's fees for expenses incurred either in attempting to force defendant to waive service or to have defendant served. (Id. at 5.) In addition, plaintiff requests that the Court deny defendant's late waiver of service.

## DISCUSSION

**I. Monetary Sanctions for Submission of Waiver of Service Should be Denied**

Plaintiff's motion for sanctions based on defendant's alleged untimely filing of a wavier of service fails on two grounds, as discussed below.

    A.    <u>Plaintiff's Rule 11 Motion Did Not Comply with Rule 11's Safe-Harbor Provision</u>

Plaintiff's motion for sanctions is rejected because it fails to comply with the "safe harbor" provision of Rule 11 of the Federal Rules of Civil Procedure. Plaintiff filed the motion for sanctions on April 25, 2005, approximately three days after the sanctions motion was served on defendant. However, under the safe harbor provision of Rule 11, sanctions motions are not permitted to be filed with the court until twenty-one days after service of the contested motion. Rule 11(c)(1)(A), Fed. R. Civ. P. The 1993 amendment to Rule 11 established a safe harbor of twenty-one days, which allows the nonmovant the opportunity to withdraw or appropriately correct the contested filing in order to avoids sanction. <u>Hadges v. Yonkers Racing Corp.</u>, 48 F.3d 1320, 1327-28 (2d Cir. 1995); <u>see</u> Rule 11(c)(1)(A), Fed. R. Civ. P. Rule 11(c)(1)(A) is referred to as a "safe harbor" because it "permits a party to escape sanctions by withdrawing an otherwise sanctionable filing within 21 days after being put on notice by the opposing party that sanctions will be sought." See <u>In re Global Crossing, Ltd. Securities Litigation</u>, 221 F.R.D. 394, 396 (S.D.N.Y. 2003). If a party files a Rule 11 motion for sanctions within the safe harbor period, sanctions are unavailable. <u>See</u> <u>Hadges</u> at 1327-28 (rejecting motion for Rule 11

sanctions because the record did not indicate that nonmovant was served twenty-one days prior to the sanctions motion); Ridder v. City of Springfield, 109 F.3d 288, 297 (6th Cir. 1997) (holding that Rule 11 is unavailable, unless the sanctions motion is served "a full twenty-one day 'safe harbor' period before it is filed with or presented to the court"). Because plaintiff has failed to comply with Rule 11's safe harbor provision by prematurely filing the sanctions motion within 21 days of serving the motion upon defendant, the motion for sanctions should be rejected.

B. Plaintiff Has Failed to Demonstrate Any Compensable Expenditures

In addition, although plaintiff seeks five hundred dollars to cover pro se attorney's fees, he has failed to demonstrate expenses incurred or efforts expended which are compensable under Rule 4(d)(5) of the Federal Rule of Civil Procedure.

Rule 4(d)'s provides incentives for defendants to waive service in order to avoid the unnecessary costs of formal service of the summons. 1 Moore's Federal Practice at § 4.10[1][a]; see Fed. R. Civ. P. 4 Advisory Committee's Notes 1993 Amendment ("The aims of the provision are to eliminate the cost of service of a summons on many parties and to foster cooperation among adversaries and counsel."), cited in Chapman v. New York State Div. for Youth, 227 F.R.D. 175, 179 (N.D.N.Y. 2005). Should a defendant located in the United States fail to comply with a request for waiver, the court imposes the costs subsequently incurred in effecting service on the defendant unless good cause for the failure to comply is shown. Rule 4(d)(2)(G), Fed. R. Civ. P. The costs to be imposed on the non-responsive defendant "include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h), together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service." Rule 4(d)(5), Fed. R. Civ. P.

In the absence of a waiver of service, Peace would have been required to reimburse Lozano for any costs incurred by Lozano in effecting service and in moving for reimbursement. The filing of the waiver by Peace avoided any future expenses by Lozano in effecting service. If Lozano incurred any expenses prior to Peace's waiver– which is not the case here– then Peace would likely be required under Rule 4(d)(5) to reimburse plaintiff for those out-of-pocket expenses. Here however, Lozano has not incurred any expenses of service. Moreover, the <u>pro se</u> plaintiff– not being an attorney– is not entitled to collect any legal fees.

1. <u>Costs of Service</u>

Lozano has not alleged, nor incurred, any costs in effecting service upon the defendant. On March 3, 2005, Judge Feuerstein granted Lozano's application to proceed <u>in forma pauperis</u>, authorizing him to commence litigation without prepaying filing fees. (Opinion and Order, Feuerstein, J.; <u>see</u> 28 U.S.C. § 1915(a)(1)). Concomitantly, Judge Feuerstein directed the Clerk of the Court to cause the United States Marshal to serve copies of the summons and complaint upon Peace, as Peace had not yet been served. On April 12, 2005, defendant filed the waiver of service. At no point was defendant formally served under Rule 4(e) of the Federal Rules of Civil Procedure. In addition, the costs of effecting service upon Peace would not have been at Lozano's expense, as he was proceeding <u>in forma pauperis</u>.

2. <u>Costs of Attorney's Fees</u>

Although plaintiff seeks reimbursement for his "<u>pro se</u> attorney's fees for expenses incurred in legal resources to force defendant to respond [to] the waiver, or alternatively, to serve him," (Plaintiff's Motion for Sanctions, at 5), attorney's fees incurred in the process of effecting service are non-compensable under Rule 4(d)(5) of the Federal Rules of Civil Procedure. The

5

supplementary practice commentary to Rule 4 explains, "an attorney's fee may be imposed only for the attorney's effort in making a motion to collect the costs of service. The time of the attorney in arranging for formal service after the defendant has refused a waiver is not a compensable item." Rule 4(d)(5), Fed. R. Civ. P., 28 U.S.C.A., Supplementary Practice Commentary C4-17 at 60 (Supp. 2005); accord Morales v. SI Diamond Technology, Inc., 1999 WL 144469, at *3 (S.D.N.Y. 1999) (declining to award attorney's fees incurred in effecting service after waiver refusal). Morales adopts the practice commentary's position that Rule 4(d)(5)'s explicit allowance of an attorney's fee related to a motion to collect costs negates the provision of a comparable award for an attorney's fee related to arranging formal service. Morales, 1999 WL 144469, at *3.

Furthermore, pro se litigants such as Lozano are not entitled to attorney's fees. In Kay v. Ehrler, the Supreme Court held that under the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, a pro se litigant may not recover attorney's fees even if the litigant is an attorney. 499 U.S. 432, 435-38 (1991). The Supreme Court's stated rationale for denying attorney's fees to pro se litigants was that "[t]he statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every case. Id. at 438. Based on Kay v. Ehrler, the Second Circuit has held that a pro se plaintiff is not allowed to recover attorney's fees for representing herself, explaining that a policy of awarding attorney's fees to pro se litigants would "generally have the undesirable effect of lessening the claimant's incentive to obtain counsel." Hawkins v. 1115 Legal Service Care, 163 F.3d 684, 694-95 (2d Cir. 1998); see also Coyle v. Coyle, 334 F. Supp. 2d 284, 288 (E.D.N.Y. 2004) ("It is

6

well settled that a pro se litigant is not entitled to attorney's fees."). Because Lozano is proceeding pro se, he is not entitled to recover any attorney's fees.

## II. Defendant's Waiver of Service and Voluntary Appearance Obviates the Need for Formal Service

Although defendant's submission of a waiver of service over five months after plaintiff requested a waiver of service of summons fails to comply with Rule 4(d)(2)(F) of the Federal Rules of Civil Procedure, plaintiff has failed to demonstrate any prejudice resulting therefrom. Plaintiff has suffered no financial harm.

The Advisory Committee Note to the Supreme Court's Proposed Amendment of 1982 to Rule 4 of the Federal Rules of Civil Procedure, emphasizes a policy of "relieving [United States] marshals to the maximum extent possible of the duty of serving summonses and complaints." Subdivision (c). It states further that "court orders directing service by marshal should not be issued unless they really are necessary." In the instant case the defendant has submitted a waiver of service and voluntarily appeared before the Court. Thus, although defendant was late in appearing, Rule 4(d) worked to bring the defendant before the court without any cost of service by the pro se plaintiff and without the necessity of service by the United States Marshal.

## **CONCLUSION**

For the foregoing reasons: (1) plaintiff's motion for Rule 11 sanctions is denied; (2) defendant's waiver of service and voluntary appearance is accepted, and (3) plaintiff is not entitled to any costs or attorney's fees under Rule 4(d).

7

Defendant's counsel is directed to serve a copy of this memorandum and order on all parties upon receipt.

SO ORDERED.

Dated: Central Islip, New York
July 11, 2005

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge