C/M
D & F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOSE ANTONIO LOZANO,

                Plaintiff,                                        05-0174
                                                              (SJF)(ETB)
    -against-

                                                              **OPINION & ORDER**

EARNEST J. PEACE
ATTORNEY AT LAW,

                Defendant.
------------------------------------------------------X
FEUERSTEIN, J.

I.     Introduction

*Pro se* plaintiff Jose Antonio Lozano ("Plaintiff" or "Lozano"), currently incarcerated in Texas, initiated this action against his former attorney, Ernest J. Peace ("Defendant" or "Peace"), alleging malpractice in connection with Defendant's representation of him in New York state criminal proceedings. The action, which was commenced in the Northern District of Texas, was transferred to this Court on December 16, 2004. Defendant now moves this Court for dismissal under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Defendant's motion is granted.

II.    Plaintiff's Pleadings

A *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9, 66 L. Ed. 2d 163, 101 S. Ct. 173 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972)). To this end, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, a

1

*pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983).

III. Background

The relevant facts are set forth in the Northern District of Texas's December 16, 2004 Transfer Order, familiarity with which is assumed. Defendant has moved to dismiss the action on the grounds that (1) the statute of limitations for a legal malpractice claim has expired, and (2) Plaintiff has, in any event, failed to state a claim.

IV. Analysis

　　A.　　Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted where "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Cooper v. Parksy, 140 F.3d 433, 440 (2d Cir. 1998). The Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Koppel v. 4987 Corp., 167 F.3d 125, 128 (2d Cir. 1999). The Court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Levitt v. Bear Stearns & Co., 340 F.3d 94, 101 (2d Cir. 2003) (internal citation omitted). To this end, the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. See Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995).[1]

---

[1] Plaintiff claims that the instant motion is untimely because it should be converted into a motion for summary judgment under Fed. R. Civ. P. 56, which he claims would be premature at this stage. The District Court has broad discretion in determining whether to convert a motion to dismiss into one for summary judgment. Carione

B.  Choice of Law

Plaintiff has invoked this Court's jurisdiction pursuant to 28 U.S.C. § 1332 . A federal court sitting in diversity applies the choice of law rules of the forum state, in this instance, New York. Stichting Ter Behartiging Van De Belangen Van Oudaandeelhouders in Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber, 407 F.3d 34, 49 (2d Cir. 2005). Plaintiff claims that Texas malpractice law applies to the instant action. (Mem. Opp. at 4). Under New York law, a legal malpractice action may be pleaded in either contract or tort. CPLR 214(6); Shumsky v. Eisenstein, 96 N.Y.2d 164, 166, 750 N.E.2d 67, 69, 726 N.Y.S.2d 365, 367 (2001) 6645 Owners Corp. v. GMO Realty Corp., 306 A.D.2d 97, 98 (1st Dep't 2003)). Under either approach, I find that New York law should apply.

"In the context of tort law, New York utilizes interest analysis to determine which of two competing jurisdictions has the greater interest in having its law applied in the litigation." Padula v Lilarn Props. Corp., 84 NY2d 519, 521, 644 N.E.2d 1001, 1002, 620 N.Y.S.2d 310, 311 (1994). Under this analysis, "[t]he greater interest is determined by an evaluation of the facts or contacts which relate to the purpose of the particular law in conflict." Id. (internal quotations omitted). In the instant action, Defendant, a New York attorney, represented Plaintiff in criminal proceedings brought by the state of New York. (Cmplt. ¶ 6). The meeting at which Defendant is alleged to have committed malpractice took place in New York. (Id. ¶ 8). The only alleged connection to Texas, other than being the location of Plaintiff's current incarceration, is a claim

---

v. United States, 368 F. Supp. 2d 186, 191 (E.D.N.Y. 2005). It is also well-established that a statute of limitations defense can be raised in a motion to dismiss when the action's untimeliness is evident on the face of the complaint. Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989). The Court therefore declines to convert the motion into one for summary judgment.

that "Defendant executed an oral contract agreement via telephone with Plaintiff's brother, Francisco Lozano, with respect to his representation . . . [and] Plaintiff's brother made a 'money transaction' to cover Defendant's fees." (Pl. Traverse to Def. Reply at 2).[2] This transaction, even to the extent it is somehow connected to Texas, is insufficient to give Texas a greater interest in having its law applied to this litigation.

Similarly, if Plaintiff's malpractice claim is deemed pleaded in contract, New York law would still apply. "New York applies a 'grouping of contacts' or 'center of gravity' approach to choice of law questions in contract cases." Ackerman, 252 A.D.2d at 192 (citing Zurich Ins. Co. v. Shearson Lehman Hutton, 84 N.Y.2d 309, 317, 642 N.E.2d 1065, 1068, 618 N.Y.S.2d 609, 612 (1994)). This analysis requires a court to examine "which State has the most significant relationship to the transaction and the parties." Zurich, 84 N.Y.2d at 317, 642 N.E.2d at 1068, 618 N.Y.S.2d at 612 (quoting Restatement [Second] of Conflict of Laws § 188 [1]) (quotations omitted). In this case, it is clear that New York has the most significant relationship to the transaction and parties. As discussed above, Defendant is a New York attorney who represented Plaintiff in a New York criminal proceeding. Furthermore, the disputed meeting occurred in New York. It is clear, then, that New York has the most significant relationship, and this Court will therefore apply New York malpractice law to the instant dispute.

C. Statute of Limitations

The statute of limitations in New York for non-medical professional malpractice is three

---

[2] Defendant has objected to Plaintiff's filing of the Traverse as an impermissible sur-reply, in violation of this Court's individual practices, and has requested that it not be considered. (July 5, 2005 Letter). While Defendant is correct that permission is required to file a sur-reply, in light of Plaintiff's *pro se* status and his current incarceration, the Court will consider Plaintiff's Traverse.

4

years whether pleaded in contract or tort. CPLR 214(6). It is well-established that a cause of action for legal malpractice accrues on the date of the allegedly improper action, and not the date of discovery. McCoy v. Feinman, 99 N.Y.2d 295, 301, 785 N.E.2d 714, 718 755 N.Y.S.2d 693, 696 (2002); Shumsky, 96 N.Y.2d at 166, 750 N.E.2d at 69, 726 N.Y.S.2d at 367. Plaintiff's claim that his cause of action accrued on October 3, 2004, the date on which the United States Supreme Court denied his petition for certiorari in his forfeiture action, is clearly contrary to this rule, and without merit. In the instant action, the meeting at which the allegedly negligent representation occurred took place on October 24, 1997, (Cmplt. ¶ 8), requiring Plaintiff to have filed his malpractice action no later than October 24, 2000. The Complaint was filed on December 3, 2004, however, well beyond the statutory period. (Cmplt.)

Plaintiff claims that, notwithstanding the above, his claim is still timely under the continuous representation doctrine, (Pl. Mem. Opp. at 9), which provides that the statute of limitations is tolled "on [a] malpractice claim until the ongoing representation is completed." Shumsky, 96 N.Y.2d at 167, 750 N.E.2d at 70, 726 N.Y.S.2d at 368. This rule, however, is "generally limited to the course of representation concerning a specific legal matter . . . [and] tolls the Statute of Limitations only where the continuing representation pertains specifically to the matter in which the attorney committed the alleged malpractice." Id. at 168, 70-71, 368-69. The criminal proceeding in which Defendant represented Plaintiff terminated on December 14, 1998, when Plaintiff was sentenced in the New York state criminal proceeding. Even applying the continuous representation doctrine, the latest date on which Plaintiff could have brought suit

was December 14, 2001, almost three years before the instant action was filed.[3] Plaintiff's claim is therefore barred by the statute of limitations.

V. Conclusion

For the reasons set forth above, Defendant's motion to dismiss is GRANTED. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Sandra J. Feuerstein
United States District Judge

Dated: September 14, 2005
Central Islip, New York

---

[3] The Court further notes that, even to the extent the October 22, 2001 affidavit submitted by Defendant in Plaintiff's forfeiture action s construed, at the motion to dismiss stage, as evidence of an ongoing relationship in the same proceeding, Plaintiff's action would still be untimely.